16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Robert Melvin VOLANTY, Appellant.
 No. 93-2818.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 12, 1993.
Filed: December 27, 1993.
 
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Melvin Volanty appeals from a multi-count conviction for criminal activity including conspiracy to distribute cocaine (21 U.S.C. Sec. 846); possession with intent to distribute cocaine (21 U.S.C. Sec. 841(a)(1)); carrying a firearm during and in relation to a drug trafficking offense (18 U.S.C. Sec. 924(c)); and possession of a firearm by a convicted felon (18 U.S.C. Secs. 922(g)(1), 924(e)(1)).
 
 
 2
 Because of Volanty's extensive criminal history and the conviction, the trial court sentenced the defendant as an armed career criminal within the meaning of section 4B1.4 of the Sentencing Guidelines to incarceration of 350 months (29 years, 2 months), plus a fine of $1,000 and supervised release of five years. Since defendant is forty-six years of age, this sentence may well be equivalent to life imprisonment without parole.
 
 
 3
 The defendant asserts on appeal that the prosecution presented insufficient evidence to sustain the conviction and attacks the calculation of drug quantities as may relate to the sentence. We reject both contentions.
 
 
 4
 A review of the record discloses ample evidence supporting the jury verdicts of guilt. Further, because Volanty possessed a firearm in connection with the drug offenses, the Sentencing Guidelines call for an enhanced offense level of 34 as an armed career criminal under Sec. 4B1.4(b)(3)(A), as well as the highest criminal history category (VI) under Sec. 4B1.4(c)(2).[1] The offense level of 34 and a criminal history category of VI call for a sentence range of 262 to 327 months. The district court sentenced Volanty to 290 months on Counts 1 and 4, plus 60 months additional, consecutive on the firearms charge. This sentence calculation overrides any possible miscalculation of drug quantities for sentencing purposes.
 
 
 5
 The questions presented require no extended discussion. Accordingly, we affirm. See 8th Cir. R. 47B.
 
 
 
 [1]
 The same offense, thus, is calculated in two ways to increase the penalty. See U.S.S.G. Secs. 4B1.4(b)(3)(A), 4B1.4(c)(2). This may be an aberration in the Guidelines. But appellant raises no question about the sentence in this regard